HON. JOHN J. MUNZEL Village Attorney, Greenport
This is in response to your letter requesting an opinion as to whether or not a village may adopt local legislation prohibiting the transportation of radioactive materials through the streets of the village.
Section 380(1) of the Vehicle and Traffic Law, reads, in part, as follows:
 "1. Definitions. `Highway,' as used in this section shall mean and include any public street, alley, road, tunnel, bridge, viaduct, turnpike or parkway.
* * *
 "`Radioactive materials,' as used in this section, shall mean any material or combination of materials that spontaneously emits ionizing radiation."
Section 380(2) of the Vehicle and Traffic Law, reads as follows:
 "2. It shall be unlawful to transport by motor vehicle over the highways within this state any dangerous article in such manner or conditions as will unreasonably endanger the person or property of others."
Section 380(3) of the Vehicle and Traffic Law, reads as follows:
 "3. It shall be unlawful to transport by motor vehicle over the highways within this state any dangerous article without conspicuously marking or placarding any motor vehicle engaged in such transportation on each side, on the front and on the rear thereof with the word `dangerous' or the common or generic name of the substance transported or its principal hazard; provided, that the commissioner of motor vehicles may, by regulation issued after a public hearing, prescribe with respect to any specific dangerous article the minimum quantities below which no placard shall be required.
Vehicle and Traffic Law, § 1600, provides:
 "The provisions of this chapter shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein and no local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein. No local authority shall enact or duplicate any provision of this chapter as a local law, ordinance, order, rule or regulation, except that any local authority authorized to supersede any provision of this chapter may enact any such provision in a modified or amended form."
Section 1640(5) of the Vehicle and Traffic Law authorizes a city or village to exclude trucks, commercial vehicles, tractors, tractor trailer combinations and trucks of a designated weight from designated highways but it must provide alternate routes which are adequate, safe and suitable for traffic lawfully upon highways.
From all of the above, it is our opinion that the State of New York, under section 380(2) and (3) of the Vehicle and Traffic Law, exercises exclusive control of motor vehicles engaged in the transportation of dangerous articles, including radioactive materials, over highways within a village and a village is not authorized to legislate on such matters. A village is, however, authorized under section 1640(5) of the Vehicle and Traffic Law to exclude by local legislation specified commercial vehicles from certain village highways provided an adequate alternate route is designated for such through traffic; and it may thus prohibit the transportation of dangerous materials through residential areas of such village provided such materials are transported in one of the excluded class of vehicles designated in such section.